UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE<br>310 First Street, SE<br>Washington, DC 20003<br><br>           Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue NW<br>Washington, DC 20224,<br><br>           Defendant. | Civil Case No. _____ |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Republican National Committee ("Plaintiff" or "RNC") brings this action for declaratory and injunctive relief, and complains as follows:

**INTRODUCTION**

1. Plaintiff seeks disclosure of records regarding criteria used by the Internal Revenue Service ("IRS" or Defendant) personnel for reviewing and approving 501(c)(4) tax-exempt organizations applications that were improperly withheld by the IRS.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(e) because Defendant is an entity of the United States Government that resides in this District.

**PARTIES**

4. Plaintiff Republican National Committee is an unincorporated political committee with headquarters in Washington, DC.

5. Defendant IRS is the agency of the United States government charged with enforcement of the federal income tax laws and is headquartered in Washington, D.C.

**STATEMENT OF FACTS**

6. The IRS's Exempt Organizations Division is responsible for ensuring compliance with federal income tax laws related to organizations exempt from federal income tax requirements under the Internal Revenue Code, including reviewing and approving applications for 501(c)(4) tax-exempt status under the Internal Revenue Code. This includes the authority to review organizations' Form 1024 to ensure compliance with the Internal Revenue Code, applicable regulations, and IRS standards and guidance.

7. Plaintiff is a political party committee which operates as the national committee for the Republican political party.  It has members and supporters throughout the United States who are interested in issues related to tax exempt organizations.  Plaintiff sought to review documents and correspondence related to criteria used for reviewing and approving 501(c)(4) tax-exempt organization applications to better understand the IRS's internal processes and allow Plaintiff to serve its supporters and the general public more effectively.

8. Plaintiff sent a Freedom of Information Act ("FOIA") request to the IRS dated May 21, 2013, that sought:

> Any and all documents and correspondence including emails, reports, transcripts or other documents dated between January 1, 2010 and May 20, 2013 containing the words "tea party," "patriot," and/or "9/12 project" or other words which pertain to the development of criteria used to identify and target 501(c)(4) tax-exempt organizations.

Any and all documents and correspondence dated between January 1, 2010 and May 20, 2013 pertaining to the screening of or heightened scrutiny to taxpayers based on donations to targeted 501(c)(4) tax-exempt organizations or other known political contributions and affiliations.

Any and all correspondence dated between January 1, 2010 and May 20, 2013 between Sarah Hall Ingram and IRS employees containing the words "tea party," "patriot," or "9/12 Project" and or any other correspondence pertaining to the targeting of 501(c)(4) organizations.

Any and all documents and correspondence from January 1, 2010 and May 20, 2013 between IRS employees and Celia Roady.

Any and all documents and correspondence from January 1, 2010 and May 20, 2013 between IRS employees and officials at the Treasury Department and the White House which include the terms "tea party," "patriot," "9/12 project," and or other terms which pertain to the targeting of 501(c)(4) tax-exempt organizations.

Any and all correspondence from January 1, 2010 and May 20, 2013 between IRS employees at the Cincinnati Office and IRS Headquarters in Washington, DC which contain the words "tea party," "patriot," and or "9/12 project" and or which pertain to the targeting of certain 501(c)(4) organizations.

Any and all correspondence from January 1, 2010 and May 20, 2013 pertaining to the denials or omissions of top IRS officials – including Doug Shulman and Lois Lerner – in Congressional testimony with regards to reports of IRS targeting certain 501(c)(4) tax-exempt organizations.

9. The IRS received this request on June 10, 2013, and assigned it case number F13161-0106.

10. The IRS replied by letter dated June 28, 2013, indicating that it was unable to send the requested records by July 9, 2013, which was the twenty business day period allowed by law. The letter indicated the IRS was claiming the additional ten-day period allowed by FOIA, which resulted in a response deadline of July 23, 2013. The letter further requested an extension of time to August 23, 2013, to allow time to locate and consider release of the requested records.

11. The IRS replied again by letter dated August 19, 2013, indicating that it would need additional time to search for, collect, and review responsive records. The letter stated, "I will contact you by October 4, 2013, if I am still unable to complete your request."

12. Plaintiff sent the IRS a letter dated October 24, 2013 communicating that the October 4, 2013 date referenced in its previous letter has passed and renewed its interest in obtaining the documents originally requested.

13. The IRS replied again by letter dated October 22, 2013 indicating that the agent had been furloughed from October 1, 2013 through October 16, 2013 and that it would need additional time to collect, process and review responsive documents. The letter said, "I will contact you by January 17, 2014, if I am still unable to complete your request."

14. The IRS replied again by letter dated January 16, 2014 indicating that it would need additional time to collect, process and review responsive documents. The letter stated, "I will contact you by April 18, 2014, if I am still unable to complete your request."

15. Both the statutory deadline and the permissible extension of time to respond have expired. More than two hundred business days have passed since Plaintiff filed its request, and no records have been produced.

16. Plaintiff has exhausted its administrative remedies.

17. Plaintiff has a statutory right of access to the records it seeks, and there is no legal basis for the IRS to withhold those documents.

18. Plaintiff has no remedy at law and will suffer irreparable injury absent relief from this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. A declaratory judgment that the IRS's failure to disclose the records requested by Plaintiff is unlawful under the FOIA;

2. A preliminary and permanent injunction enjoining Defendant IRS from withholding the requested records from Plaintiff;

3. Costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Any other relief that the Court deems just and appropriate.

Dated: April 15, 2014.

                Respectfully submitted,

                By:    /s/Jason Torchinsky

Jason Torchinsky (D.C. Bar No. 976033)
jtorchinsky@hvjlaw.com
Jonathan Waclawski
jwaclawski@hvjlaw.com
HOLTZMANVOGELJOSEFIAK PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
Phone: 540-341-8808
Fax: 540-341-8809


By:    /s/John R. Phillippe

John R. Phillippe
jphillippe@gop.com
REPUBLICAN NATIONAL COMMITTEE
310 First Street, SE
Washington, DC 20003
Phone: 202-863-8638

*Counsel to Plaintiff Republican National Committee*

VERIFICATION OF PLAINTIFF REPUBLICAN NATIONAL COMMITTEE

I, Jonathan Waclawski, declare as follows:

1. I am former employee of the Republican National Committee, an unincorporated political party committee.

2. I have personal knowledge of the facts set out in this Complaint, and if called upon to testify, I would testify competently as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning the FOIA request submitted by to Defendant IRS are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of April, 2014.

/s/Jonathan Waclawski
Jonathan Waclawski

VERIFICATION OF PLAINTIFF REPUBLICAN NATIONAL COMMITTEE

I, Kris Anderson, declare as follows:

1. I am the Research Director for the Republican National Committee, an unincorporated political party committee.

2. I have personal knowledge of the facts set out in this Complaint, and if called upon to testify, I would testify competently as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning the FOIA request submitted by to Defendant IRS are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of April, 2014.

/s/Kris Anderson
Kris Anderson

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2014, copies of the foregoing Verified Complaint for Declaratory and Injunctive Relief were served by certified mail on the following parties:

Internal Revenue Service
1111 Constitution Avenue NW
Washington, DC 20224

And

Attorney General Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

And

Ronald C. Machen, Jr.
U.S. Attorney for the District of Columbia
United States Attorney's Office
555 4th Street NW
Washington, DC 20530

/s/ Jason Torchinsky
JASON TORCHINSKY